BRISCOE, Circuit Judge,
concurring and dissenting:
I concur in the opinion except for the rejection of Dr. Naimie’s contention in his cross-appeal that he presented sufficient evidence to receive damages for unpaid royalties from September through December 1996. I would reverse and remand to the district court for its determination of an additional damage award for the September through December 1996 period and affirm the district court on all other issues.
Cytozyme argues, for the first time on appeal,[1] that Dr. Naimie did not seek dam *1115 ages for the additional period in the pretrial order. This argument is without merit. One of the listed contested issues of fact was “[t]he amount of royalties, if any, owing to [plaintiff] as a consequence of the use of the formula[s] since January 1, 1990.” Appellant’s App. at 75. Nowhere did Dr. Naimie limit himself to damages accruing prior to September 1996.
At trial, Dr. Naimie presented the testimony of Derek Rasmussen, an accountant, who testified on the issue of damages. Rasmussen prepared Exhibit 59, which included four “schedules” of damages. Schedule 3 set forth the unpaid royalties from June 1990 through August 1996. Ap-pellee’s App. at 1662-63. The total amount of damages listed in Schedule 3 ($482,753) coincided with the amount claimed in the pretrial order. Id. at 1663. Exhibit 59 also included Schedule 3a, which Rasmussen prepared based upon documents allegedly received from Cyto-zyme after the trial began (and after the pretrial conference was conducted). Schedule 3a sets forth the royalties that accrued between September and December 1996. Id. at 1664.
Based upon the evidence presented to the district court and its rulings that the parties had an enforceable agreement concerning royalty payments and that Cyto-zyme breached that agreement, there is no conceivable reason for not awarding Dr. Naimie damages for the September through December 1996 period. Although the district court’s findings of fact are not crystal clear, it appears the court began with the figure of $482,753 (the original total of unpaid royalties through August 1996 set forth in Schedule 3), made two deductions in accordance with arguments by Cytozyme in its post-trial motion, and arrived at the final damage figure of $377,-526,45. Unfortunately, there is no indication in the court’s order whether it considered the issue of damages for the period of September through December 1996 or, if it did, why it concluded Dr. Naimie was not entitled to damages for that period. Dr. Naimie may not be entitled to the full $15,085 amount he claims on appeal because part of this claim encompasses royalties for new products that are not based on his formulas. However, he is entitled to some measure of damages for unpaid royalties for the September through December 1996 period.

. The majority erroneously assumes Cytozyme asserted this same argument in district court. The record, however, does not bear this out. *1115 In its post-trial brief, Cytozyme made only two arguments regarding damages: (1) that Naimie was limited to damages accruing pri- or to commencement of his lawsuit; and (2) Naimie's entitlement to royalties ended at some point between 1991 and 1994. Appel-lee's App. at 1347-48. The district court rejected both arguments.